1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                       FOR THE DISTRICT OF ARIZONA

8

Michael R. Robinson,                    )      No. CIV 06-1946-PHX-MHM
9                                       )
          Plaintiff,                    )      **ORDER**
10                                      )
vs.                                     )
11                                      )
                                        )
12   Centene Corporation/Nursewise; Shannon)
     M. Anderson, Human Resources Manager;)
13   Debra Rinaudo, Executive Director; State)
     of Arizona Board of Behavioral Health)
14   Examiners;  Amy  Shelton,  Deputy)
     Director; Cedric Davis, Board Chairman;)
15   Steve Legendre, Board Member; Jose)
     Herrera, Board Member; Ruth Lee, Board)
16   Member; Sharon "Del" Worley, Board)
     Member; Dan Wright, Board Member; and)
17   Laura Waterman, Board Member        )
                                        )
18          Defendants.                 )
                                        )
19   _____

20

21          Currently  before  the  Court  is  Defendant  Arizona  Board  of  Behavioral  Health

22   Examiners' ("State Board") Motion to Dismiss (Dkt.#19); Plaintiff Michael R. Robinson's

23   ("Plaintiff") Motion to Strike Defendants' Application for Substitution of Attorney General

24   (Dkt.#41); and Plaintiff's Motion for Recusal. (Dkt#50).  After reviewing the pleadings and

25   finding oral argument to be unnecessary the Court issues the following Order.

     **I.      Background and Procedural History**

26          On August 9, 2006, Plaintiff filed suit asserting claims of race discrimination pursuant

27   to 42 U.S.C. §§ 1981, 1983 and 1985 as well as under Title VII, 42 U.S.C. § 2000e, et seq.,

28

(Complaint, pp.1-2).  Plaintiff alleges that in late July 2005, he applied for employment with Defendant Centene Corporation/Nursewise ("Defendant Centene") as a telephonic counselor. (Complaint, p.2).  On August 16, 2005, Plaintiff alleges he received notice that he was not hired for the job allegedly because of his sex and race. (Id.).  Plaintiff alleges that he believes "the company [Centene] systematically fails to hire black males in executive and professional positions." (Id. at p.3).  Plaintiff further alleges that subsequent to filing his EEOC complaint he discovered that the State Board, by and through numerous individual State Board employees, had conveyed false information to Defendant Centene that was allegedly detrimental to Plaintiff's employment application.   (Id.).   Plaintiff seeks declaratory, monetary and injunctive relief.

On September 13, 2006, Defendant Centene filed its Answer to Plaintiff's Complaint. (Dkt.#20).  However, rather than file a responsive pleading to the Plaintiff's Complaint, the State Board and the individually named employees of the State Board ("Individual Defendants")[1] filed the instant Motion to Dismiss on grounds that the Eleventh Amendment of the Constitution of the United States bars Plaintiff's claims against the State Board and that Plaintiff's claims against the Individual Defendants in their official capacities are also barred. (Dkt.#19).  The Plaintiff filed his opposition on October 11, 2006, and the State Board and Individual Defendants' filed their reply on October 26, 2007.  As such, the Motion to dismiss is ripe for this Court's consideration.  However, prior to the Court addressing the Motion to dismiss, the Court will first take up Plaintiff's Motion for recusal filed on June 15, 2007. (Dkt.#50).

**II.    Motion for Recusal**

Plaintiff states that recusal by this Court is appropriate pursuant to the  recusal statute, 28 U.S.C. § 455.  Plaintiff's affidavit asserts that "there is a reasonable factual basis that Judge Murguia has exhibited outward manifestation of impartiality against Plaintiff."

---

[1] The Individual Defendants of the State Board are Debra Rinaudo; Amy Shelton; Cedric Davis; Steve Legendre; Jose Herrera; Ruth Lee; Sharon "Del" Worley;Dan Wright; and Laura Waterman.

1   (Dkt.#50, Exhibit A, ¶3). In support of this alleged impartiality, Plaintiff cites a 60-day rule

2   which required the Court to address the State Board's Motion to dismiss within this window.

3   In addition, Plaintiff cites the Court's granting of the State Board's request for an extension

4   of time to file their reply in support of the instant Motion to dismiss as well as the lack of a

5   Rule 16 Scheduling Conference to date. (Id. ¶¶ 6-8).

6         In reviewing Plaintiff's assertion of impartiality in conjunction with 28 U.S.C. § 455,

7   the Court finds that there is no basis for recusal at this time. Notably, 28 U.S.C. § 455(a)

8   provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify

9   himself in any proceeding in which his impartiality might reasonably be questioned."

10  Plaintiff's conclusory assertions provide nothing to suggest that this Court's impartiality

11  might reasonably be questioned. In essence, Plaintiff's request for recusal appears to be

12  based upon the Court's delay in responding to the instant Motion to dismiss and the

13  Plaintiff's reliance on a 60-day rule. However, the Plaintiff's apparent frustration does not

14  somehow transform itself into a basis for recusal. Moreover, the Court's granting of the State

15  Board's request for an extension of time falls within the scope of the Court's discretion and

16  is not indicative of any degree of impartiality. Therefore, the Court finds that there is no

17  basis for recusal at this time pursuant to 28 U.S.C. § 455.

18  **III.    Motion to Dismiss**

19        **A.    State Board**

20        The State Board moves to dismiss Plaintiff's Complaint on grounds that the Eleventh

21  Amendment of the United States Constitution bars Plaintiff's suit.[2]  The Eleventh

22  Amendment provides:

23        The Judicial Power of the United States shall not be construed to extend to any
        suit in law or equity, commenced or prosecuted against one of the United
24      States by Citizens of another State, or by Citizens of Subjects of any Foreign
        State.

25

26

27        [2]Although the State Board moves to dismiss on grounds of Rule 12(b)(b), the Court
    will construe the motion as a facial challenge to this Court's jurisdiction over the State Board
28  under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

1    The Supreme Court has interpreted the Eleventh Amendment to prohibit suits against

2    a state by citizens of that state. Port Authority Trans-Hudson Corp. v. Feeney, 495 U.S. 299,

3    304 (1990). As such, "[t]he Eleventh Amendment grants to states a sovereign immunity from

4    suit." Agua Caliente Band of Cahuilla Indians v. Hardin, 223 F.3d 1041, 1045 (9th Cir. 2000).

5    In the absence of consent by the state, an action may only be brought against the state if

6    Congress has expressly abrogated the states' sovereign immunity. Pennhurst State School

7    & Hospital v. Halderman, 465 U.S. 89, 98 (1984).

8    In this case, with respect to Plaintiff's claims under 42 U.S.C. §§ 1981, 1983, and

9    1985 it is clear that the State Board's, as an agency of the State of Arizona, sovereign

10   immunity has not been waived. See Freeman v. Michigan Dept. of State, 808 F.2d 1174,

11   1179 (6th Cir. 1987) (holding that action against the state pursuant to § 1981 are barred by

12   Eleventh Amendment sovereign immunity); Quern v. Jordan, 440 U.S. 332, 341-42 (1979)

13   (Eleventh Amendment has not been abrogated with respect to § 1983 claims); Caleira v

14   County of Kauai, 866 F.2d 1175, 1182 (9th Cir. 1989) ("The absence of a section 1983

15   deprivation of rights precludes a section 1985 claim predicated on the same allegations.").

16   Importantly, this sovereign immunity from such claims applies to state agencies equally

17   "regardless of the nature of the relief sought." Pennhurst 465 U.S. at 100-01 (citation

18   omitted). Therefore, Plaintiff's claims based upon 42 U.S.C. §§ 1981, 1983 and 1985 against

19   the State Board are barred by sovereign immunity.

20   However, to the extent the Plaintiff asserts claims against the Sate Board under Title

21   VII, these claims are not barred by sovereign immunity. This is the case because state

22   sovereign immunity has been abrogated by Title VII. See Fitzpatrick v. Bitzer, 427 U.S. 445,

23   456 (1976). Specifically, in instances where Congress has expressed an intent to abrogate

24   a state's Eleventh Amendment rights, such as with Title VII, sovereign immunity does not

25   apply to such suits "against a State or one of its agencies." Carmen v. San Francisco Unified

26   School District, 982 F.Supp.1396, 1405 (N.D. Cal. 1997). Therefore, while the Court

27   expresses no finding as to merit of such Title VII claims against the State Board, the Court

28

1  finds, based upon Plaintiff's reliance and citation to Title VII, that sovereign immunity does
2  not apply with respect to such claims against the State Board.

3  **B.   Individual Defendants**

4  As with Plaintiff's claims based upon 42 U.S.C. §§ 1981, 1983 and 1985 asserted
5  against the State Board, Plaintiff's assertion of these claims seeking legal relief against the
6  Individual Defendants in their official capacities meets the same fate based upon application
7  of the Eleventh Amendment.  See Pennhurst, 465 U.S. 89, 101-02 (Eleventh Amendment
8  applies to suits against state officials in their official capacities).  The only applicable
9  exception is that the Eleventh Amendment does not bar suits that are seeking only
10 prospective declaratory or injunctive relief against state officials regarding compliance with
11 federal law.  Los Angeles County Bar Ass'n v. Eu, 979 F.2d 697, 704 (9th Cir. 1992) (citing
12 Ex parte Young, 209 U.S. 123, 155-56 (1908)).  Notably, Plaintiff seeks that the Court
13 "[o]rder that . . . the [State Board] cease engaging in future racial discriminatory practices
14 . . ." (Dkt.#1, p. 5).  Thus, to the extent Plaintiff seeks only prospective declaratory and
15 injunctive relief against the Individual Defendants, as members of the State Board, in their
16 official capacities, such claims are not barred by sovereign immunity.

17 In addition, to the extent Plaintiff asserts claims seeking equitable relief against the
18 Individual Defendants pursuant to Title VII in their official capacities, such claims are not
19 barred by sovereign immunity due to the Congress' abrogation of such.  See Carmen, 982
20 F.Supp. at 1408 ("[I]ndividual defendants may be held liable under Title VII for acts
21 performed in an official capacity under the theory of respondeat superior . . . and injunctive
22 relief is available.") (citing Miller v. Maxwell's Intern. Co., 991 F.2d 583, 587 (9th Cir.
23 1993)).  Therefore, to the extent Plaintiff seeks injunctive relief against the Individual
24 Defendants in their official capacities under Title VII, such claims survive.

25 Lastly, the Court notes that the sovereign immunity afforded to the Individual
26 Defendants from Plaintiff's legal relief sought extends only to the Individual Defendants'
27 official capacities.  Nothing in this order prevents Plaintiff's claims from going forward
28

1   against the Individual Defendants in their individual capacities nor do the Individual

2   Defendants seek such dismissal.

3   **IV.    Summary**

4           There is no basis for recusal, thus the Court will deny Plaintiff's request.  In addition,

5   the Court will dismiss Plaintiff's claims against the State Board, save Plaintiff's Title VII

6   claims, because of the application of the Eleventh Amendment afforded to the states and state

7   agencies from such suits.  In addition, the Court will dismiss Plaintiff's claims seeking legal

8   relief against the Individual Defendants in their official capacities.  However, Plaintiff's §§

9   1981, 1983 and 1985 claims seeking prospective injunctive relief and Plaintiff's Title VII

10  claims seeking injunctive relief against the Individual Defendants in their official capacities

11  survive.  Similarly, Plaintiff's claims asserted against the Individual Defendants in their

12  individual capacities are not barred by sovereign immunity.

13          Finally, the Court will deny Plaintiff's request to strike the Defendants' application

14  for substitution for counsel.  The Court properly granted the request on October 5, 2006

15  (Dkt.#39), before the Plaintiff's instant Motion was filed and Plaintiff offers no basis for this

16  Court to reconsider.  See School Dist. No.1J, Multnomah County v. AcandS, Inc., 5 F.3d

17  1255, 1263 (9th Cir. 1993) (noting bases to support reconsideration and that such motions are

18  generally disfavored).

19          **Accordingly,**

20

21          **IT IS HEREBY ORDERED** granting in part and denying in part the State Board's

22  Motion to Dismiss (Dkt.#19).

23          **IT IS FURTHER ORDERED** denying  Plaintiff's Motion to Strike Defendants'

24  Application for Substitution of Attorney General (Dkt.#41).

25  / / /

26

27

28

- 6 -

1    **IT IS FURTHER ORDERED** denying Plaintiff's Motion for Recusal. (Dkt#50).

2    DATED this 10th day of July, 2007.

3

4

5    _____
     Mary H. Murguia
6    United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28